UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**FILED**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | '08 MJ 2582   2008 AUG 22  AM 10: 40 |
| ) | |
| Plaintiff, ) | Magistrate Case No._____ CLERK US DISTRICT COURT |
| ) | SOUTHERN DISTRICT OF CALIFORNIA |
| v. ) | COMPLAINT FOR VIOLATION OF ___ DEPUTY |
| ) | |
| **Noe ARREDONDO-Cisneros** ) | Title 8, U.S.C., Section 1326 |
| ) | Attempted Entry After |
| Defendant. ) | Deportation |
| ) | |

The undersigned complainant being duly sworn states:

On or about **August 21, 2008**, within the Southern District of California, defendant **Noe ARREDONDO-Cisneros**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **Otay Mesa Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Claudia Rios, United States Customs and
Border Protection, Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **22nd** DAY OF **August, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE



# PROBABLE CAUSE STATEMENT

On 08/21/08 at approximately 3:38 PM, **Noe ARREDONDO-Cisneros**, the Defendant, made application for admission to the United States from Mexico at the **Otay Mesa Port of Entry** via the pedestrian primary lanes. Defendant presented a border crosser document (form DSP-150) bearing his likeness and the name Pablo Javier HERNANDEZ-Herrera to a Customs and Border Protection (CBP) Officer. The CBP Officer believed the document presented was altered and therefore referred Defendant to secondary for further inspection.

During the secondary inspection, the Defendant was also found to possess a Mexican credential and Record of Arrival/Departure (I-94) bearing the name Pablo Javier HERNANDEZ-Herrera. These two documents were determined to be counterfeit while the DSP-150 was deemed to be a photo altered document. Defendant's fingerprints were queried in the Integrated Automated Fingerprint Identification System (IAFIS), which verified Defendants identity and that Defendant had been previously deported from the United States. Further queries in the Immigration Central Index System (CIS) and the Enforce Alien Removal Module (EARM) confirmed the Defendant was ordered deported from the United States on 05/09/06 and physically removed from the United States through the Laredo, TX Port of Entry on 03/05/07. Immigration service records indicate the Defendant has not applied for nor received permission to legally reenter the United States by the Attorney General or the Secretary of Homeland Security.

At approximately 7:38 PM Defendant was placed under arrest for 8 USC 1326; Attempted Entry after Deportation and advised of his Miranda Rights. Defendant elected to waive his right to counsel and gave the following statement. Defendant admitted he is a citizen of Mexico and was at one time a Lawful Permanent Resident of the United States. Defendant admitted he lost his Resident status when he was deported from the United States by the Immigration Judge. Defendant stated he has never applied for permission to reenter the United States. Defendant admitted he purchased the document he presented in Tijuana, Mexico for $30. Defendant stated he was going to Los Angeles, California to be with his children.